IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CONNIE M. ROBERTS, | : |
| Plaintiff, | : |
| vs. | : Civil Action No. |
| | : **3:08-CV-11 (CDL)** |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed an application for Supplemental Security Income benefits on April 22, 2003. The application was denied initially and upon reconsideration, and plaintiff requested a hearing before an Administrative Law Judge, which was held on March 19, 2007. On April 25, 2007, the ALJ denied plaintiff's claim. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person

would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

  20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age,

education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ found that plaintiff had "severe" impairments including diabetes mellitus; chronic obstructive pulmonary disease; atherosclerotic cardiovascular disease; degenerative disc disease of the lumbar spine; a depressive/anxiety disorder; and borderline intellectual functioning.  The ALJ determined that Plaintiff maintained the residual functional capacity (RFC) to perform light work activity with the following limitations: her underlying pulmonary and cardiac conditions preclude her from working in an environment where there would be concentrated exposure to dust, fumes, or gasses; her psychological impairments limit her to unskilled work; however she is able to sustain the attention and concentration needed to understand, remember and carry out simple tasks with simple instructions in the workplace. (Tr. 17). The ALJ concluded that Plaintiff could perform her past relevant work as a cashier. (Tr. 22).

*Treating Physicians*

Plaintiff asserts that the ALJ improperly discounted the opinion of her treating physician, Dr. William Ford.  The Court of Appeals has held that good cause must be shown if the opinion of the treating physician is discounted; a non-examining physician's opinion is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.  See Broughton v. Heckler, 776 F.2d 960 (11th Cir.1985).  "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error."  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).  Where the medical evidence does not conclusively counter the treating physician's opinion, and no other good cause is presented, the treating physician's opinion cannot be discounted. Scnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987).  Moreover, the ALJ cannot substitute his opinion for

that of a medical expert. Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982).

However, a treating physician's opinion that a plaintiff is disabled or unable to work is not conclusive; the ALJ must make a disability determination based upon the medical findings and other evidence. Bell v. Bowen, 796 F.2d 1350 (11th Cir. 1990). The opinion of a physician, even a treating physician, may be discounted when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. See 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-2p.

Here, the ALJ concluded that Dr. Ford's opinion was inconsistent with the opinion offered by Dr. Rab. On January 13, 2004, Dr. Ford, plaintiff's treating physician of some eight years, provided a medical opinion regarding the plaintiff's physical ability to do work-related activities. He opined that the amount of weight she could lift either frequently or occasionally was less than 10 pounds. He felt her ability to stand and walk, or sit, during an eight hour day was limited to less than two hours. He noted that she would need to change her position every 20 minutes after sitting, and 5 minutes after standing, and that she would need to walk around every 10 minutes for 5 or less minutes each time. He opined that she would need to shift at will from sitting or standing/walking, and might need to lay down at unpredictable intervals during a work shift quite often. He opined that she should never crouch or climb ladders, and only occasionally twist, stoop, or climb stairs. Her conditions would affect reaching, handling, fingering, and pushing/pulling. She should avoid concentrated exposure to humidity and noise, and even moderate exposure to cold, heat, wetness, fumes, etc. and avoid all exposure to hazards (machinery, heights, etc.). He based his opinion on the claimant's COPD, DM with neuropathy, hypertension with angina, and chronic bronchitis. He found that her impairments would cause

her to be absent from work once to twice a month. (Tr. 237-39.)

The ALJ found that the plaintiff's serious medical problems developed in 2001 but were resolved with medical intervention. He summarized an episode of cardiac care that began in the ICU where evidence of a myocardial infarction was noted along with arteriosclerotic cardiovascular disease. He noted that the claimant was treated on June 26, 2001, with angioplasty and stenting procedures and was discharged. One year later, the cardiologist Dr. Rab was noted as having written a letter to the claimant's family physician, Dr. Ford, indicating stable findings resulting from an examination and the results of a stress test. Subsequent correspondence from the cardiologist indicated that the claimant's cardiac status continued to be stable (11/02, 8/04, 9/04, 7/05). (Tr. 18). It was noted that she did not continue to have chest pain but did have episodes of shortness of breath. (Tr. 18). Plaintiff was admitted to the hospital on two occasions in 2003, where she was diagnosed with congestive heart failure, acute bronchitis, and uncontrolled diabetes. (Tr. 19).

The ALJ concluded that Dr. Rab's findings that plaintiff's cardiac status remained stable was not consistent with the conclusions reached by Dr. Ford. However, Dr. Rab was plaintiff's treating cardiologist, and did not offer any opinion as to plaintiff's other medical conditions. Dr. Ford, as plaintiff's primary care physician and pain management specialist, did offer an opinion regarding plaintiff's overall physical ability to perform work. The opinions were not inconsistent with each other.

The ALJ then quoted a May 2006 letter from Dr. Ford wherein Dr. Ford summarized an oxygen study performed on plaintiff, with specific results, and concluded that without night-time oxygen, plaintiff's condition will continue to deteriorate, and combined with her other medical

problems, will continue to prevent her from being able to perform work. (Tr. 20).

The ALJ further concluded that "although Dr. Ford has a long treatment relationship with the claimant, his underlying progress notes do not contain any objective medical findings from his examinations that support his opinion that the claimant is totally disabled from all work. Likewise, although the diagnostic studies and laboratory findings document that claimant suffers from severe medical conditions...the results of these studies do not indicate that her medical conditions are totally disabling....Dr. Ford's explanation for his disability opinion is insufficient and not consistent with the extreme limitations cited in his residual functional capacity assessment." (Tr. 20).

The undersigned finds that this conclusion, without more, was not based upon substantial evidence. Upon remand, the ALJ should specifically reevaluate the records submitted by Dr. Ford and the opinions he submitted.

*Credibility*

Plaintiff asserts that the ALJ improperly discounted her complaints of disabling pain and other symptoms.    Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about

the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability.  Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

   A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.   Holt v. Sullivan, supra at page 1223;  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."   Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

    Here, after citing the types of evidence to be considered by the regulations in evaluating the testimony of a claimant regarding her pain or other symptoms, the ALJ, without discussing any of the plaintiff's testimony, concludes "[a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 21).

     This conclusory statement, without any discussion about the testimony of the plaintiff, which was quite extensive regarding her daily activities, medication side-effects, etc... (Tr. 508-520), was clearly error, as it deprives the reviewing court of the ability to determine whether the ultimate decision to discount the testimony of the plaintiff was based upon substantial evidence. While the ALJ is not required to discuss in depth every item of the plaintiff's testimony, the

7

failure to discuss *any* testimony requires remand for further consideration.

*Past Relevant Work*

In light of the fact that the undersigned is recommending remand of this action for further consideration of the opinion of Dr. Ford and plaintiff's testimony, the ALJ should further reconsider whether plaintiff can perform her past relevant work.

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **REMANDED** pursuant to Sentence Four of § 405 (g) for further consideration in light of the above discussion.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 22nd  day of January, 2009.

                                                    //S Richard L. Hodge
                                                    RICHARD L. HODGE
msd                                              UNITED STATES MAGISTRATE JUDGE